TITAN SHIPPING CO., INC. *v.* UNITED STATES

No. 4489.—Invoices dated Paris, France, July 17, 1929, etc.
Entered at New York July 27, 1929, etc.
Entry No. 719803, etc.

Second Division, Appellate Term

(Decided January 10, 1939)

*Jerome G. Clifford* for the appellant.
*Webster J. Oliver*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: This application for review involves the proper dutiable values of certain perfumery and other toilet preparations imported from France, the entries for which were made at the port of New York on various dates between June 20, 1929, and April 10, 1930. A list of said appeals is hereto attached, marked schedule A, and made a part hereof.

The merchandise on the invoice covered by reappraisement 101453-A was entered at various unit net values less 2 per centum discount for cash, plus packing, representing the invoiced values converted from United States dollars to French francs. The appraiser

advanced these values, according to his own testimony, by adding 12 per centum of what he *assumed* was the retail price to the invoice values. In the other twenty-six appeals the importer made what is known as duress entries, adding in each case a certain amount to meet advances made by the appraiser in similar cases then pending on appeal to reappraisement, citing, among others, entry 719803, which is covered by the original reappraisement in this case, No. 101453–A.

At the original trial of this case it was conceded that the foreign value was the proper basis for appraisement purposes. At the second trial this concession was restated by counsel for appellee herein, as follows:

\* \* \* it was agreed in the trial court that the foreign value was the proper value and that the foreign value prevailed.

The merchandise was originally appraised on the basis of the foreign-market value, and all the evidence introduced at both trials was directed to establishing a foreign-market value. In three decisions heretofore rendered by this court the foreign-market value has been held to be the proper basis of appraisement, and at no time has any suggestion been made by any one that the foreign-market value was not the proper basis for appraisement herein.

The issue in this case is stated by counsel for appellee, in her brief filed herein, as follows:

### The Issue

The question presented is whether the amount of a concededly dutiable French luxury tax, levied on perfumery only when sold in the foreign home market, is included in this importer's invoice prices, notwithstanding the said tax did not accrue on exported goods.

Stripped of all verbosity the question presented is whether the amount of a luxury tax is included in the importer's invoice prices. We are in accord with this statement of the issue in this case. This is a plain, simple question of fact, to be determined from the weight of the evidence before us, and is the only question presented for our consideration and determination, since the decision of this question necessarily determines the proper dutiable value of the imported merchandise. The fact that said tax did not accrue on exported goods is immaterial and has no bearing on the question presented, for the reason that, as hereinbefore stated, it was agreed in the trial court that the foreign value was the proper value and that the foreign value prevailed.

With reference to the record made at the second trial, the trial court stated:

From the testimony taken respecting the price list, Exhibit 3, it has no probative value whatever insofar as the issue in these cases is concerned, and examination of the Treasury representative's report, Exhibit 4, reveals that the same may be said of that exhibit.

We have carefully examined, considered, and weighed all of the evidence before us, and we find as a fact that the weight thereof establishes that the amount of the concededly dutiable French luxury tax is included in the importer's invoice prices.

We therefore find and hold that the proper dutiable foreign values of the merchandise covered by reappraisement 101453–A are the entered values, and that as to the remaining twenty-six appeals, the proper dutiable foreign values of the merchandise are the entered values less any amount added by the importer on entry to meet advances made by the appraiser in similar cases then pending on appeal to reappraisement. The judgment of the trial court is therefore reversed, and judgment will be rendered in accordance with the findings hereinabove set out.